UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CINDY THACH, | ) |
|     Plaintiff, | ) |
| v. | ) Civil Action No. 12-10169 |
| STEPHEN CIAVOLA and the<br>CITY OF LOWELL, | ) |
|     Defendants. | ) |

## COMPLAINT

### INTRODUCTION

1. This is a civil rights action for use of excessive and unreasonable force. On July 6, 2009, Cindy Thach agreed to meet Detective Stephen Ciavola of the Lowell Police Department and Massachusetts State Police Trooper Erik Gagnon at a church to discuss a recent shooting about which the officers wrongly believed she had information. Ms. Thach was 18 years old. When Ms. Thach arrived at the church, Detective Ciavola and Trooper Gagnon directed Ms. Thach to get into a cruiser and brought her to an interrogation room at the Lowell police station. Refusing to believe Ms. Thach did not have information about the shooting, the officers yelled and cursed and threatened Ms. Thach. Defendant Ciavola threw a trash can across the room. When Ms. Thach stood up, he shoved her back in her chair. The officers forcefully held Ms. Thach in the chair and tipped it back as if to make her fall. Defendant Ciavola punched Ms. Thach in the mouth, drawing blood. The officers then let go of the chair, causing injuries to Ms. Thach's ankle. In addition to her physical injuries, the abuse caused Ms. Thach emotional distress.

2. Defendant Ciavola has a long history of misconduct and violent behavior, both before and after he was hired as a Lowell police officer. The City of Lowell is sued for its policies or

customs of tolerating the use of unreasonable and excessive force and for failure to supervise and discipline problem officers like Defendant Ciavola. These policies or customs permitted Defendant Ciavola to continue to commit misconduct as a police officer even though the City was aware of his history of aggressive behavior.

## JURISDICTION

3. This action is brought pursuant to 42 U.S.C. § 1983 and Fourth and Fourteenth Amendments to the United States Constitution. Title 28 U.S.C. § 1331 and § 1343 provide federal question jurisdiction over all federal claims, and 28 U.S.C. § 1367 provides supplemental jurisdiction over the state law claims.

## PARTIES

4. Plaintiff Cindy Thach is a resident of Lowell, Massachusetts. She was 18 years old at the time of the incident.

5. Defendant Detective Stephen Ciavola was at all times relevant to this complaint a duly appointed police officer of the Lowell Police Department. His actions alleged in this complaint were taken under color of the laws of the Commonwealth of Massachusetts and the City of Lowell. He is sued in his individual capacity.

6. Defendant City of Lowell is a duly organized city in the Commonwealth of Massachusetts.

## FACTS

7. On July 4, 2009, there was a shooting in Lowell. One man was killed and another, Ms. Thach's boyfriend at the time, was shot in the leg. Ms. Thach was not present at the shooting and did not know who did it.

8. On July 5 and 6, 2009, Ms. Thach received numerous phone calls from the Lowell Police Department, seeking information about the shooting. Ms. Thach agreed to meet with police at a church near her home on July 6.

9. When Defendant Ciavola and Massachusetts State Police Trooper Erik Gagnon arrived at the church, they directed Ms. Thach to get into the cruiser. She complied, accompanied by her friend Mary Chea.

10. The officers took them to the Lowell police station. The two officers then brought Ms. Thach alone into an interrogation room.

11. Defendant Ciavola and Trooper Gagnon questioned Ms. Thach for about an hour.

12. The officers asked Ms. Thach about her cell phone and her boyfriend.

13. The officers claimed Ms. Thach's boyfriend used her phone to call gang members.

14. The gang members' names the officers mentioned were not in Ms. Thach's phone.

15. Ms. Thach explained that neither she nor her boyfriend knew who the shooter was.

16. The officers repeatedly accused Ms. Thach of lying, swore continually, and threatened to put her boyfriend in jail and to take legal action against her if she did not cooperate.

17. Growing frustrated with Ms. Thach's inability to provide information, Defendant Ciavola picked up a trash can and threw it across the room.

18. Shocked, Ms. Thach asked, "What's your problem?" and stood up.

19. Defendant Ciavola shoved her back into her chair.

20. Both officers held her down forcefully, tipping the chair so far back Ms. Thach felt she would fall.

21. Ms. Thach did not struggle while the officers restrained her and yelled at her.

22. While Ms. Thach was restrained in the chair, Detective Ciavola punched her in the mouth, drawing blood.

23. Ms. Thach, who is 5 feet tall and weighed 115 pounds, never acted in a violent or threatening manner toward the two much larger officers. There was no justification for the officers to touch her at all, much less to use violent physical force against her.

24. The officers then let go of the chair, causing Ms. Thach to fall and injure her ankle.

25. Ms. Thach was then released, but was unable to walk unassisted.

26. Ms. Thach had to have Ms. Chea help her exit the police station.

27. Ms. Thach was taken by ambulance to Saints Medical Center, where she was diagnosed with a sprain to her right ankle. Medical staff also observed hematomas on her arms and lip. She was sent home with crutches and an air cast.

28. Several days later, a doctor observed Ms. Thach's right ankle and dorsum to be "markedly swollen" and noted that there was a small abrasion on the dorsum of the right foot. The bruises on Ms. Thach's lateral upper arms looked "like hand marks." Ms. Thach's lower lip was swollen, and the right thenar eminence (the palm at the base of the thumb) was bruised.

29. Ms. Thach continued to feel pain in her ankle for months after the incident. In addition to her physical injures, Ms. Thach has suffered significant emotional distress.

30. Ms. Thach, who has no criminal history, remains distraught about being abused by officers when she was trying to cooperate with them.

31. Defendant City of Lowell has long known of Detective Ciavola's violent propensities but hired him and allowed him to continue as a police officer without proper supervision or discipline when he committed misconduct.

32. Detective Ciavola pled guilty to an assault and battery charge in 1994, the year before the Lowell Police Department hired him. Since he has been on the force, he has amassed 12 internal affairs complaints. He was suspended for a year for a drunken brawl with another officer. He has

been the subject of multiple law suits alleging excessive force, including two that resulted in jury findings that Defendant Ciavola used excessive force. In one of these, the jury found Defendant Ciavola's conduct sufficiently reprehensible as to deserve punitive damages.

33. Despite knowing Detective Ciavola was an overly aggressive officer well before this incident, the City did not take appropriate steps to change his behavior.

34. The City of Lowell failed to take proper steps to prevent Detective Ciavola from continuing to use unreasonable force against civilians. The City had a responsibility to take action to prevent further civil rights violations by, for example, more closely supervising Defendant Ciavola.

35. As a direct and proximate cause of the results of Defendants' conduct, Ms. Thach suffered physical, emotional, and economic injuries.

## COUNT I

**42 U.S.C. § 1983 Claim Against Defendant Ciavola: Unreasonable Use of Force**

36. The above paragraphs are incorporated by reference.

37. Defendant Ciavola used unreasonable and excessive force against Plaintiff.

38. Defendant Ciavola deprived Plaintiff of her well-established right to freedom from the use of unreasonable force.

39. Defendant Ciavola's actions were taken with reckless disregard for Plaintiff's constitutional rights.

40. As a direct and proximate result of Defendant's actions, Plaintiff suffered the damages described above.

## COUNT II

**Massachusetts Civil Rights Act M.G.L. c. 12 § 11(I) Against Defendant Ciavola**

41. The above paragraphs are incorporated by reference.

42. Defendant Ciavola violated Plaintiff's civil rights under the Massachusetts Civil Rights Act M.G.L. c. 12 § 11(I), by threats, intimidation, and coercion.

43. As a direct and proximate result of Defendant's actions, Plaintiff suffered the damages described above.

## COUNT III

**42 U.S.C. § 1983 Claim Against Defendant City of Lowell**

44. The above paragraphs are incorporated by reference.

45. Defendant Ciavola's violation of Plaintiff's constitutional rights was pursuant to the policies and customs of the City of Lowell as described above.

46. As a direct and proximate result of Defendant's actions, Plaintiff suffered the damages above.

## COUNT IV

**Negligence Against the City of Lowell**

47. The above paragraphs are incorporated by reference.

48. In the alternative to Count I, and to ¶¶ 22-24, Defendant Ciavola negligently struck Plaintiff in the mouth and negligently dropped her chair and caused her to fall and sprain her ankle.

49. At the time of these negligent acts, Defendant Ciavola was a public employee acting within the scope of his employment.

50. As a direct and proximate result of Defendant's negligence, Plaintiff suffered the injuries described above.

51. Plaintiff properly performed the conditions precedent to filing the instant action under Mass. Gen. L. ch. 258.

52. On October 21, 2010, Plaintiff sent a notice pursuant to Mass. Gen. L. ch. 258, § 4 to the City of Lowell.

53. The City of Lowell did not respond to this notice.

**WHEREFORE**, Plaintiff requests that this Court:

1. Award compensatory damages;

2. Award punitive damages against Defendant Ciavola;

3. Award the cost of this actions, including reasonable attorney's fees; and

4. Award such other further relief as this court may deem necessary and appropriate.

**JURY DEMAND**

A trial by jury is hereby demanded.

RESPECTFULLY SUBMITTED,

For the Plaintiff,
By her attorneys,

/s/ Howard Friedman
Howard Friedman, BBO #180080
**Law Offices of Howard Friedman PC**
90 Canal Street, Fifth Floor
Boston, MA 02114-2022
(617) 742-4100
hfriedman@civil-rights-law.com

/s/ David Milton
David Milton, BBO # 668908
**Law Offices of Howard Friedman PC**
90 Canal Street, Fifth Floor
Boston, MA 02114-2022
(617) 742-4100
dmilton@civil-rights-law.com

Dated: January 30, 2012